FILED
2025 Dec-23 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

JOSHUA GOINS, on behalf of himself and others similarly situated,

Plaintiff,

v.

SERENITY TMS CENTERS, LLC.

Defendant.

CIVIL ACTION FILE NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Joshua Goins ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone

records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5. Plaintiff brings this action under the TCPA alleging that Serenity TMS Centers LLC. ("Defendant"), advertised its products through the use of a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals who, like Plaintiff, were listed on the National Do Not Call Registry.

6. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

7. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff is a natural person residing in Helena, Alabama.

9. Defendant is an Arizona based limited liability company.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

11. This Court has general personal jurisdiction over Defendant because it sent calls into this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the automated telemarketing calls and text messages at issue were sent into this District.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA prohibits the use of pre-recorded messages to make calls. *See* 47 U.S.C. § 227(b)(3).

15. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

19. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

20. At all relevant times, Defendant, Serenity TMS Centers, LLC initiated telemarketing calls and text messages promoting Serenity's services.

21. Defendant placed pre-recorded telemarketing calls and sent unsolicited text messages to Plaintiff's cellular telephone number for the purpose of soliciting Serenity's services.

22. At all times relevant, Plaintiff Joshua James Goins was the subscriber and sole customary user of a personal cellular telephone number ending in (314) XXX-8963.

23. Plaintiff resides in Helena, Alabama, and his cellular telephone number is used exclusively for personal and residential purposes.

24. Plaintiff placed his telephone number on the National Do Not Call Registry on November 28, 2023.

25. Despite Plaintiff's registration on the National Do Not Call Registry, Defendant repeatedly placed unsolicited telemarketing calls and sent unsolicited text messages to Plaintiff's cellular telephone.

26. All the calls and text messages at issue were sent from telephone number (678) 827-4453.

27. Defendant left pre-recorded voicemail messages for Plaintiff on the following dates:

a. November 6, 2025;

b. November 7, 2025 (two calls, including one at approximately 7:21 a.m.);

c. November 8, 2025;

d. November 10, 2025 (approximately 7:34 a.m.);

e. November 11, 2025 (two calls, including one at approximately 7:19 a.m.);

f. November 12, 2025;

g. November 13, 2025 (approximately 7:24 a.m.);

h. November 15, 2025;

i. November 17, 2025;

j. November 19, 2025 (approximately 7:36 a.m.); and

k. November 21, 2025.

28. In total, Defendant placed at least thirteen (13) pre-recorded telemarketing calls to Plaintiff's cellular telephone.

29. Plaintiff answered at least one of the calls and did not hear a live person but instead heard a pre-recorded or artificial voice message.

30. Defendant also left multiple pre-recorded voicemail messages for Plaintiff using substantially similar scripts and content.

31. Sample voicemail messages stated, in substance, that the caller was "calling from Serenity," referenced a "referral" or "website," and instructed Plaintiff to return the call to schedule an appointment, while providing business hours of operation.

32. The voicemail messages were artificial or prerecorded because:

a. The messages contained identical or substantially similar content across multiple calls;

b. The messages were delivered without any live human interaction;

c. The voice used unnatural cadence, tone, and pacing consistent with automated or prerecorded messaging; and

d. The messages appeared to be delivered using automated dialing technology.

33. In addition to the prerecorded calls, Defendant sent at least three (3) unsolicited text messages to Plaintiff's cellular telephone number from (678) 827-4453.

34. Defendant sent text messages to Plaintiff on or about:

a. November 5, 2025;

b. November 7, 2025; and

c. November 10, 2025.

35. Some of the texts messages are shown below:




36. The text messages were sent to solicit Defendant's services and to prompt Plaintiff to respond or engage with Defendant.

37. Defendant markets and sells outpatient mental health services, including transcranial magnetic stimulation treatment, ketamine therapy, and medication management, and Defendant's calls and texts to Plaintiff promoted those services by seeking to schedule an appointment.

38. Indeed, Defendant's website markets Serenity's services by describing available treatments and encouraging consumers to contact Serenity, request an appointment, and engage Serenity to provide paid clinical services.

39. Defendant used telephone calls and text messages as part of a commercial marketing effort to generate new patient appointments and sell Serenity's mental health treatment services.

40. Defendant's messages were sales solicitations because they identified the caller as calling from Serenity, referenced a referral or a website inquiry (which Plaintiff did not make), and instructed the recipient to return the call to schedule an appointment during business hours to sell them services.

41. On or about November 7, 2025, Plaintiff sent Defendant an email expressly instructing Defendant not to call him.

42. Additionally, on November 12, 2025, Plaintiff replied "STOP" to Defendant's text messages.

43. Despite Plaintiff's opt-out request, Defendant continued to place multiple calls and to Plaintiff.

44. Plaintiff never provided his cellular telephone number to Defendant.

45. Plaintiff never had any prior business relationship with Defendant.

46. Plaintiff did not provide prior express consent to receive any telemarketing calls or text messages from Defendant.

47. Plaintiff did not opt in to receive prerecorded calls or automated text messages from Defendant.

48. The aforementioned calls and text messages were unwanted and made without Plaintiff's consent.

49. Defendant's repeated telemarketing calls invaded Plaintiff's privacy and disrupted his daily life.

50. Defendant's conduct violated Plaintiff's clearly expressed desire not to receive telemarketing communications.

51. Plaintiff and other call recipients were harmed by Defendant's conduct, including being temporarily deprived of legitimate use of their telephones, suffering invasion of privacy, and experiencing nuisance and annoyance.

52. Defendant's conduct was frustrating, obnoxious, harassing, and constituted a persistent nuisance that disturbed the solitude and privacy of Plaintiff.

## CLASS ACTION ALLEGATIONS

53. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

54. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) to individuals who did not have an account or provide their number to the Defendant (4) within the four years prior to the filing of the Complaint.

> **National Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States: (1) received more than one telemarketing call from, or on behalf of, Defendant promoting Serenity TMS Centers, LLC's goods or services, (2) who were not current customers of the Defendant at the time of the calls, (3) who had previously asked for the calls to stop and (4) within the four years prior to the filing of the Complaint.

> **<u>Early/Late Call Class</u>:** All persons within the United States: (1) who received one or more telephone solicitation calls from Serenity TMS Centers, LLC or a third party acting on behalf of Serenity TMS Centers, LLC; (2) before 8:00 a.m. or after 9 p.m. (local time at the called party's location); and (3) within the four years prior to the filing of the Complaint.

55. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

56. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

57. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

58. This Class Action Complaint seeks injunctive relief and money damages.

59. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

60. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

61. The joinder of all class members is impractical due to the size and relatively modest value of each individual claim.

62. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

63. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over

questions which may affect individual class members because of the uniformity of the telemarketing conduct.

64. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c. Whether Defendant's conduct constitutes a violation of the TCPA; and

d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

65. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

66. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

67. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

68. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

69. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

70. The Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

72. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

73. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

74. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

75. Defendant's violations were negligent, willful, or knowing.

76. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

77. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class as well as the Early/Late Class)**

78. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

80. Defendant's violations were negligent, willful, or knowing.

81. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

D. Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law;

F. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

G. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: December 22, 2025.

Plaintiff,
By Counsel,

*/s/ J. Matthew Stephens*
J. Matthew Stephens (ASB-3788-e66s)
**METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattorneys.com

Anthony I. Paronich, *subject to pro hac vice*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**DEFENDANT TO BE SERVED AS FOLLOWS:**

Serenity TMS Centers, Inc.
Attn.: Teejay Tripp
691 E. Encinas Avenue
Gilbert, AZ 85234